IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULABO USA, INC.**,<br><br>*Plaintiff,*<br><br>v.<br><br>**MARKUS GERHARD JUCHHEIM**,<br><br>*Defendant.* | **Case No. 5:19-cv-01412-JDW** |
| **MARKUS GERHARD JUCHHEIM,<br>derivatively, and on behalf of JULABO<br>USA, INC.**,<br>*Third-Party Plaintiff,*<br><br>v.<br><br>**RALPH JUCHHEIM and DIRK FRESE**,<br><br>*Third-Party Defendants.* | |

**MEMORANDUM**

Markus Juchheim and his brother Ralph Juchheim would do well to heed Tommy Callahan's advice: "Brothers gotta hug!"[1] Instead, they find themselves at war over the way each of them runs part of the family business. In one of the brothers' battles, Markus asserts a derivative claim on behalf of Julabo USA, Inc. against his brother Ralph and Dirk Frese, a company employee. Under Pennsylvania law, Markus was not free to bring his derivative claim unless he first made a demand on the company that the company pursue its claims against Ralph and Mr. Frese. Although Markus contends the demand requirement does not apply in a closely-held company, the Court disagrees. Because the undisputed evidence shows that Markus did not make

---

[1] *Tommy Boy* (Paramount Pictures 1995).

a demand that complies with Pennsylvania law, the Court will grant summary judgment to Ralph and Mr. Frese on Markus's Third-Party Complaint.

## I. BACKGROUND

### A. Factual History

Julabo USA, Inc. is a closely-held family business that develops, produces, and sells precise laboratory circulators, dynamic temperature control systems, and recirculating coolers. There are different Julabo entities all over the world. Julabo USA is based in Allentown, Pennsylvania and sells its products in North America. Markus Juchheim and his brother Ralph Juchheim each own 50% of Julabo USA's shares. Ralph is the sole member of the company's Board of Directors, and he also serves as Julabo USA's President, Secretary, and Treasurer. Markus is not an employee, officer, or director of Julabo USA. Dirk Frese works for Julabo USA and serves as the company's Vice President of Sales, Serving and Marketing.

Markus contends that Ralph has exercised dominion and control over Julabo USA to both Markus's and the company's detriment. He contends that Ralph: i) failed to notice any shareholder meetings in 2017 or in 2018 and attempted to delay the notice sent to Markus regarding the 2019 meeting; ii) incurred $4M in loans on behalf of Julabo USA and pledged all of the company's assets as collateral, without shareholder consent; iii) caused Julabo USA to over-compensate him and Mr. Frese, without shareholder consent; iv) never made any shareholder distributions to Markus; v) failed to answer questions during a deposition while serving as Julabo's corporate designee regarding various travel expenses, bank charges, and professional fees that the company paid for; vi) implemented a policy whereby Julabo USA would not sell its products to Julabo entities in other markets and would not service Julabo-branded products that it did not sell itself; vii) directed Mr. Frese not to attend a meeting with a potential customer in Germany; viii)

borrowed almost $3M from Julabo USA and caused the company to pay for his personal expenses; and ix) sought to incur an additional $5M in debt to build a new factory based upon a faulty business plan. Markus contends that this conduct constitutes a breach of Ralph's fiduciary duties to Julabo USA and a breach of the 2011 Shareholders Agreement between Julabo USA, Markus, and Ralph. Markus contends that Mr. Frese has followed Ralph's instructions without question and violated his own fiduciary duties to the company as a result.

### B. Procedural History

On July 25, 2019, Markus's attorney wrote to Julabo USA's corporate counsel "to put Julabo USA, Inc. … on notice that [Markus] … objects to the intentional and improper disregard of his rights as a shareholder …." (ECF No. 53-19 at 1 (the "July 2019 Letter").) The letter complains about Ralph's apparent disregard of Markus's rights to receive notice of shareholder meetings and his attempts to deprive Markus of any benefits as a shareholder. The letter does not request that Julabo USA bring an action to enforce its rights against Ralph or Mr. Frese. In fact, the letter does not even mention Mr. Frese.

Weeks later, on August 21, 2019, Markus filed a joinder complaint in this matter, asserting derivative claims against Ralph and Mr. Frese for breach of contract, breach of fiduciary duties, and unjust enrichment. On July 17, 2020, all of the Parties filed cross-motions for summary judgment on Markus's derivative claims. In their motion, Ralph and Mr. Frese asserted that Markus cannot maintain this derivative action against them because he never made a pre-suit demand on Julabo USA. Two weeks later, on July 31, 2020, Markus's attorney wrote another letter to Julabo USA's counsel, styled as a "Demand for Corrective Action by Board of Directors of Julabo USA, Inc." (ECF No. 53-21 at 1 (the "July 2020 Letter").) The summary judgment motions are ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted).

The filing of cross-motions does not change this analysis. *See Transportes Ferreos de Venezuela II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001). It "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Id.* at 560 (quotation omitted). Rather, "[w]hen confronted with cross-motions for summary judgment 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Canal Ins. Co. v. Underwriters at Lloyd's London*, 333 F. Supp. 2d 352, 353 n.1 (E.D. Pa. 2004), *aff'd*, 435 F.3d 431 (3d Cir. 2006).

### III.    ANALYSIS

#### A.    The Demand Requirement

Under Pennsylvania law, "a plaintiff may maintain a derivative action to enforce a right of a business corporation **only if** … the plaintiff first makes a demand on the corporation or the board of directors requesting that it cause the corporation to bring an action to enforce the right, … [or] demand is excused …." 15 Pa.C.S.A. § 1781(a) (emphasis added). "A demand … is excused **only if** the plaintiff makes a specific showing that immediate and irreparable harm to the business corporation would otherwise result." 15 Pa.C.S.A. § 1781(b)(1) (emphasis added). A demand must "be in record form and give notice with reasonable specificity of the essential facts relied upon to support each of the claims made in the demand." 15 Pa.C.S.A. § 1781(c).

Pennsylvania's Statutory Construction Act "dictate[s] explicit considerations … regarding how to discern . . . statutory intent." *Nicole B. v. Sch. Dist. of Philadelphia*, 237 A.3d 986, 994 (Pa. 2020). According to the Act, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). "Thus, when the words of a statute have a plain and unambiguous meaning, it is this meaning which is the paramount indicator of legislative intent." *Nicole B.*, 237 A.3d at 994. This statutory provision is consistent with the "cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), *as amended* (May 7, 2010). "When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)). To determine whether statutory language is ambiguous, the Court must "read the statute in its ordinary and natural sense." *In re Philadelphia Newspapers*, 599 F.3d at 304 (quotation omitted). "If a statutory term, when read in

context with the overall statutory framework in which it appears, has at least two reasonable interpretations, then the term is ambiguous." *Nicole B.*, 237 A.3d at 997 (citation omitted); *see also In re Philadelphia Newspapers*, 599 F.3d at 304.

Section § 1781(b)(1) is only susceptible of one reading: a derivative plaintiff has to make a pre-suit demand unless the plaintiff demonstrates immediate and irreparable harm to the corporation. Markus has not suggested or shown that Julabo USA faced an immediate and irreparable harm before he filed his Third-Party Complaint. He points to Ralph's alleged self-dealing as a form of irreparable harm, but he does not explain why the harm that Julabo might have suffered would have been irreparable. That is not enough. Every derivative case involves some allegation of harm to the company. Showing the harm will be irreparable requires more, and Markus does not have more. Thus, in the absence of a demand, Markus's claim must fail.

Markus contends that the statute does not require a demand for closely-held corporations like Julabo USA, but he does not point to any statutory language to support that claim. Nor could he. The statutory language does not include an exception for closely-held corporations. *See, e.g.*, *Baron v. Pritzker*, 52 Pa. D. & C.4th 14 (Com. Pl. 2001) ("[Section 1781(b)(1)] seems to make only one exception to the demand requirement, irreparable injury."); *Levin v. Schiffman*, 54 Pa. D. & C.4th 152 (Com. Pl. 2001) ("[I]t appears that there is but a single exception to the demand requirement: irreparable injury."). And the Court has no basis to infer one.

Markus bases his argument on cases that predicted that the Pennsylvania Supreme Court would adopt an exception for closely-held corporations. However, those cases all pre-date the current version of Section § 1781(b)(1), which the General Assembly amended on November 21, 2016. Courts may not "favor contemporaneous or later practices ***instead of*** the laws [the legislature] passed." *McGirt v. Okla.*, 140 S. Ct. 2452, 2568 (2020) (original emphasis). Indeed,

"[o]nly the written word is the law[.]" *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1737 (2020). "The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Id.* at 1749. The language of Section § 1781(b)(1) is clear: Markus had to make a demand unless he can make a specific showing that immediate and irreparable harm to Julabo USA would otherwise result. These requirements apply whether Julabo USA is a closely-held family business or a Fortune 500 company.

**B.     The Absence Of A Demand**

Markus did not make a demand. In this Third-Party Complaint, he asserts demand futility as an excuse (ECF No. 14 at ¶¶ 33-36), but the statute does not include a demand-futility provision that applies here. Markus also argues that the letters that his attorney sent to Julabo USA's corporate counsel satisfy the demand requirement. Neither includes the information that Pennsylvania law requires, and therefore neither qualifies as a demand.

In the July 2019 Letter, Markus, through counsel, claims that he has been disadvantaged in his capacity as a shareholder, including Markus's lack of notice of any shareholder meetings, an attempt to oppress Markus or freeze him out of his equity interest in Julabo USA, and a lack of distributions to shareholders. These claims do not belong to the company; they belong to Markus personally. They therefore are not the proper subject of a derivative claim, nor are they at issue in the Third-Party Complaint. The letter also accuses Ralph of "treating the corporation as his personal cash cow without any regard for his fiduciary duties as director and officer of the corporation." (ECF No. 53-19.) It does not, however, request that the company bring an action to enforce any of its rights against Ralph or Mr. Frese. It therefore does not constitute a "demand" under Pennsylvania law. *See* 15 Pa.C.S.A. § 1781(a). Tellingly, the subject line of the letter refers to the original litigation and does not suggest, in any way, that Markus intends to file a derivative

7

suit against Ralph or Mr. Frese. The letter does not even mention Mr. Frese, let alone how he has breached any duties owed to the company.

The July 2020 Letter fails to satisfy the demand requirement for a more elemental reason. Markus sent it on July 31, 2020, eleven months **after** Markus filed his derivative suit. Section 1781(a) requires a demand **before** filing suit, not after. The July 2020 Letter therefore does not satisfy the pre-suit demand requirement.

## IV.   CONCLUSION

Markus might be right that his demand on Julabo USA would have been futile, given Ralph's control of the company. But the General Assembly decides whether to excuse the demand requirement, not the Court. And the statutory language makes clear that the General Assembly required Markus to go through the motions of submitting a demand. He did not, and, as a result, he cannot maintain a derivative claim against Ralph and Mr. Frese. Ralph and Mr. Frese are entitled to summary judgment. An appropriate Order follows.

                                              **BY THE COURT:**

                                              */s/ Joshua D. Wolson*
                                              JOSHUA D. WOLSON, J.
                                              United States District Judge

December 9, 2020